**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **REBECCA BUNEVITCH,** : | |
| : | |
| Plaintiff : | CIVIL ACTION NO. 3:13-2683 |
| : | |
| v. : | |
| : | (MANNION, D.J.) |
| **JUDGE THOMAS J. MUNLEY,** : | (CARLSON, M.J.) |
| : | |
| Defendant : | |

**M E M O R A N D U M**

Pending before the court is the report and recommendation, (Doc. No. 3), of Judge Carlson, recommending that the complaint, (Doc. No. 1), be dismissed. Objections to the report and recommendation were filed January 27, 2014. (Doc. No. 13). For the following reasons, the report and recommendation is **ADOPTED IN FULL** and plaintiff's complaint is **DISMISSED**.

**I. STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the

extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**II.  DISCUSSION**

Pro se plaintiff Rebecca Bunevitch filed the instant complaint, (Doc. No. 1), against Judge Thomas Munley, President Judge of the Lackawanna County Court of Common Pleas, alleging that he would not respond to plaintiff's request that he clarify a judgment he had entered in a case involving the estate of plaintiff's late father. Plaintiff filed several exhibits with the court, (Doc. No. 8), as well as objections to the report and recommendation. (Doc. No. 13). Plaintiff's objections repeat the request for clarification from Judge

Munley, and add requests to file a writ of certiorari, for injunctive relief, and special relief under Pennsylvania law.

As Judge Carlson's report thoroughly discusses, plaintiff's complaint fails to state a claim on which relief may be granted for several reasons. The Court especially notes the doctrine laid out in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and D.C. Court of App. v. Feldman, 460 U.S. 462 (1983), which prohibits federal judges from considering lawsuits which seek to re-examine state domestic relations rulings. The Rooker-Feldman doctrine prevents judges from interfering in cases where a state court litigant is complaining of injuries caused by state court judgments rendered before the federal proceedings began, and invites the federal court to review and reject the state court judgment. Exxon Mobil Corp., v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

That is just what is occurring here. The state court guardianship proceedings surrounding her father's estate did not come out favorably for plaintiff, and she asks this court to essentially act as an appeals court and review the state court decision. This court cannot do that. In her objections, plaintiff notes that she did not file her complaint out of personal prejudice to Judge Munley, and that she is not merely a "sore loser," but someone who believes her rights were violated in the state court proceedings. (Doc. No. 13, at 1). The court is aware that plaintiff is not acting out of personal prejudice. The discussion of the Rooker-Feldman doctrine in Judge Carlson's report and

in this memorandum is not meant to imply bad faith or personal prejudice on the part of plaintiff. Rather, the Rooker-Feldman doctrine simply means that this federal court does not have jurisdiction to do what plaintiff asks it to do. Such jurisdiction properly lies with the State Appellate Courts.

Finally, the court notes that the additional reasons for dismissal enunciated by Judge Carlson in his report and recommendation are also well taken.

### III.   CONCLUSION

For the foregoing reasons, the report and recommendation of Judge Carlson is **ADOPTED** in its entirety and plaintiff's complaint is **DISMISSED**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 28, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2683-01.wpd